IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG, | ) ) ) | No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| FPI MB ENTERTAINMENT, LLC and MB ENTERTAINMENT, LLC, *dba* "Freestyle Music Park," | ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "BMW") seek injunctive and monetary relief from Defendants FPI MB Entertainment, LLC and MB Entertainment, LLC (collectively, "Freestyle" or "Freestyle Music Park") for trademark infringement and false designation of origin. As alleged more fully below, Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1125, *et seq*. (the "Lanham Act") and South Carolina law through their unauthorized use of Plaintiffs' MINI trademarks on and in connection with Defendants' featured "motorcar" roller coaster at their Freestyle Music Park.

**Parties**

1. Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company having its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG ("BMW AG").

2. Plaintiff BMW AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich,

Germany. BMW AG designs and manufactures motor vehicles, parts, and other products for sale in Europe and for export and sale throughout the world.

3. Through their MINI division, Plaintiffs design, manufacture, distribute, service, and sell passenger cars, provide parts and accessories for passenger cars, and offer promotional items under Plaintiffs' MINI trademarks.

4. Defendant FPI MB Entertainment, LLC is, upon information and belief, a Delaware limited liability company doing business as "Freestyle Music Park" located at 211 George Bishop Parkway, Myrtle Beach, SC 29579. According to Freestyle's website, Defendant FPI MB Entertainment, LLC owns Freestyle Music Park in conjunction with Defendant MB Entertainment, LLC.

5. Defendant MB Entertainment, LLC is, upon information and belief, a Delaware limited liability company also doing business as "Freestyle Music Park" located at 211 George Bishop Parkway, Myrtle Beach, SC 29579. According to Freestyle's website, Defendant MB Entertainment, LLC owns Freestyle Music Park in conjunction with Defendant FPI MB Entertainment, LLC.

## Jurisdiction and Venue

6. This Court has personal jurisdiction over Defendants because they conduct business in the State of South Carolina.

7. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' claims under South Carolina law.

8. Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendants have their principal places of business in this District and/or reside in this District, and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred and is occurring in this District.

## Plaintiffs' Use and Registration of Their Famous MINI Trademarks

9. Plaintiffs are in the business, among others, of designing, manufacturing, distributing, servicing, and selling passenger cars, and offering promotional items such as model car miniatures under various marks including their MINI, MINI & Design, and MINI COOPER marks and trade dress (hereinafter the "MINI Trademarks" or "MINI Marks").

10. Plaintiffs and their predecessors in interest have used their MINI, MINI & Design, and MINI COOPER marks in commerce in the United States continuously since at least as early as 2002 in connection with automobiles, parts and accessories therefor, and promotional items.

11. In addition to common law rights in their MINI trademarks, Plaintiffs own several United States trademark registrations, including the following:

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 2,746,570 | Aug. 5, 2003 | MINI | Automobiles and structural parts therefor, in International Class 12 |
| 2,826,013 | March 23, 2004 | MINI | Antifreeze, in International Class 1<br><br>Windshield cleaning fluids; automobile cleaning kits, comprising automobile cleaners, automobile wax, buckets, wheel cleaners, brushes, and cloths, in International Class 3 |
| 3,507,903 | Sept. 30, 2008 | MINI | Automobiles and automobile parts in International Class 12<br><br>Clothing in International Class 25 |
| 2,855,714 | June 22, 2004 | (MINI wings logo) | Clothing, namely shirts, sweatshirts, jackets, gloves, headwear, in International Class 25 |
| 2,907,546 | Dec. 7, 2004 | (MINI wings logo) | Gloves; head wear, jackets; and shirts, in International Class 25 |
| 2,812,820 | Feb. 10, 2004 | (MINI wings logo) | Various goods and services in International Classes 1, 4, 6, 9, 11, 12, 14, 16, 18, 21, 27 and 28 |

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 2,825,969 | March 23, 2004 | (MINI winged logo) | Antifreeze, in International Class 1<br><br>Windshield cleaning fluids; automobile cleaning kits, comprising automobile cleaners, automobile wax, buckets, wheel cleaners, brushes, and cloths, in International Class 3 |
| 3,462,517 | July 8, 2008 | (MINI winged logo) | Land vehicles and parts thereof, in International Class 12<br><br>Vehicle towing and motor vehicle rentals, in International Class 39<br><br>Organization of and participation in automobile races; organization of automobile owner and enthusiast clubs; providing entertainment, namely, conducting music concerts, dance events, fashion shows, and automobile exhibitions; entertainment in the form of live or recorded visual and audio performances, entertainment in the nature of amusement park rides; providing information in the field of automobile history; driver safety training services; and vehicle-driving instruction; in International Class 41<br><br>Restaurants, cocktail lounges, bar services and providing temporary accommodation, in International Class 42 |
| 2,376,477 | Aug. 15, 2000 | MINI COOPER | Automobiles and structural parts therefor, in International Class 12 |
| 2,557,534 | April 9, 2002 | MINI COOPER | Hand tools, namely, penknives and survival tools in the nature of multi-purpose, multi-blade hand operated pocket tools comprised of pliers, screwdrivers, scissors, files, knives, and rulers, sold as a unit, for personal use, in International Class 8 |

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 3,170,445 | Nov. 14, 2006 | MINI COOPER | Pens, automotive service and repair manuals and part catalogs; paperweights, printed collectors cards; prints, namely, art prints, color prints, photographic prints, pictorial prints and lithographic prints, in International Class 16 |
| | | | Clocks, watches and cufflinks, in International Class 14 |
| | | | Lighters, not for land vehicles and not of precious metal, in International Class 34 |
| | | | Traveling bags, in International Class 18 |
| | | | Metal key fobs, in International Class 6 |
| | | | Non-metal key fobs, in International Class 20 |
| 3,454,079 | June 24, 2008 | MINI COOPER | Jackets, caps, T-shirts, in International Class 25 |
| | | | Scale model vehicles and toy cars, in International Class 28 |
| 3,194,505 | Jan. 2, 2007 | MINI UNITED | Clothing, namely jackets, t-shirts, polo shirts, sweat shirts, sweaters; headwear, namely caps; footwear, namely shoes, in International Class 25 |
| | | | Organization of festivals for automobile enthusiasts, in International Class 41 |
| | | | Automobiles, in International Class 12 |
| | | | Toy model car miniatures, in International Class 28 |
| 3,004,577 | Oct. 4, 2005 | MINI CONVERTIBLE. ALWAYS OPEN. | Automobiles and structural parts therefor, in International Class 12 |
| 3,051,203 | Jan. 24, 2006 | MINI CHALLENGE | Organization of car racing events, in International Class 41 |

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 3,122,300 | Aug. 1, 2006 | MINI NEXT | Motor vehicles and structural parts thereof, in International Class 12 <br><br> Dealership services in the field of automobiles; evaluations and surveys for customer satisfaction, in International Class 35 <br><br> Underwriting automobile insurance; financial services, namely, leasing and financing of motor vehicles, in International Class 36 <br><br> Repair and maintenance of motor vehicles, in International Class 37 <br><br> Emergency automobile towing; vehicle towing; rental and leasing of motor vehicles and accessories therefore, in International Class 39 <br><br> Technological tests and assessments of automobiles, in International Class 42 |
| 2,855,664 | June 22, 2004 | MINI INTERNATIONAL | Printed matter, namely, newspapers, magazines, and books in the automotive field; travel guides, in International Class 16 |
| 3,352,085 | Dec. 11, 2007 | | Automobiles and structural parts therefore in International Class 12 <br><br> Model cars and radio controlled model vehicles, in International Class 28 |

These registrations are valid and subsisting and are *prima facie* evidence of the validity thereof and of Plaintiffs' ownership and exclusive right to use their various MINI trademarks in commerce, and are constructive notice of Plaintiffs' ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act of 1946, as amended. Registration Nos. 2,746,570, 2,826,013, 2,855,714, 2,907,546, 2,812,820, 2,825,969, 2,376,477, 2,557,534, and 2,855,664 are incontestable under 15 U.S.C. § 1065 and are therefore conclusive evidence of Plaintiffs' exclusive right to use these marks in commerce.

12. Plaintiffs distribute their passenger cars and toy model car miniatures through a nationwide network of authorized dealers and service providers. Plaintiffs authorize MINI dealers to use their MINI trademarks in connection with the sale and/or service of Plaintiffs' MINI products.

13. To create and maintain goodwill among their customers, Plaintiffs have taken substantial steps to ensure that all authorized MINI dealers and service providers using their MINI trademarks are of the highest quality.

14. Plaintiffs have prominently and extensively used, promoted, and advertised their MINI Trademarks. As a result of Plaintiffs' use and extensive and continuous efforts promoting their marks, consumers have come to recognize the MINI Trademarks as uniquely associated with Plaintiffs and as an indication of origin in Plaintiffs.

15. Plaintiffs' MINI marks are well-known and/or famous.

## **Defendants' Wrongful Activities**

16. Defendants are making commercial use of a "motorcar" roller coaster using MINI Marks without authorization from Plaintiffs.

17. On November 3, 2009, Plaintiffs sent Defendants a cease and desist letter requesting that Defendants cease use of Plaintiffs' MINI Marks in connection with the coaster.

18. Defendants continue to make unauthorized commercial use of Plaintiffs' MINI Marks in connection with the coaster.

19. Defendants have never provided goods or services for Plaintiffs or any of their subsidiaries, affiliates, or authorized agents.

20. Defendants' unauthorized use of MINI Marks is intended to trade off the goodwill of Plaintiffs' MINI trademarks.

21. Defendants' unauthorized use of Plaintiffs' MINI Marks in the manner described above:

    (a)    is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties as to the origin, sponsorship, or

approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with Plaintiffs;

(b) enables Defendants to trade off and receive the benefit of the goodwill Plaintiffs have built up at great labor and expense over many years, and to gain acceptance for Defendants' products and services not solely on their own merits, but on the reputation and goodwill of Plaintiffs' MINI Marks, and their products and services;

(c) unjustly enriches Defendants; and

(d) unlawfully removes from Plaintiffs the ability to control the nature and quality of products and services provided under Plaintiffs' MINI Marks and places the goodwill and valuable reputation of Plaintiffs in the hands of Defendants, over which Plaintiffs have no control.

22. Plaintiffs have been damaged and continue to be damaged by Defendants' unauthorized use of MINI Marks in the manner described above.

23. Unless these acts of Defendants are restrained by this Court, they will continue to cause irreparable injury to Plaintiffs and to the public for which there is no adequate remedy at law.

**Count I**
**Federal Trademark Infringement**
**(Lanham Act § 32, 15 U.S.C. § 1114(1))**

24. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 23 herein.

25. The acts of Defendants complained of herein constitute use in commerce of reproductions, copies, or colorable imitations of Plaintiffs' federally registered MINI Marks in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

26. Defendants' use of Plaintiffs' MINI Marks on or in connection with goods and services in the manner described above is likely to cause confusion, to cause mistake, or to deceive as to source, sponsorship, approval or permission.

27. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in their MINI Marks and with intent to trade off Plaintiffs' vast goodwill in their marks.

28. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiffs will continue to suffer injury and damage.

**Count II**
**Federal Unfair Competition and False Designation of Origin**
**(Lanham Act § 43(A), 15 U.S.C. § 1125)**

29. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 28 herein.

30. Defendants' unauthorized use of a mark confusingly similar to Plaintiffs' MINI Marks for related goods and services falsely indicates that Defendants and their goods and services are connected with, sponsored by, affiliated with, or related to Plaintiffs.

31. Defendants' unauthorized use of a mark confusingly similar to Plaintiffs' MINI Marks for related goods and services has caused, and is likely to continue to cause confusion, mistake, or deception as to the source or sponsorship of Defendants and their goods and services.

32. Defendants' unauthorized use of a mark confusingly similar to Plaintiffs' MINI Marks for identical and related goods and services allows Defendant to receive the benefit of Plaintiffs' goodwill, which Plaintiffs have established at great labor and expense, and further allows Defendants to engage in business and sales based not on their own qualities but on the reputation and goodwill of Plaintiffs.

33. The acts of Defendants complained of herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in their marks and with intent to trade off Plaintiffs' vast goodwill in their MINI Marks.

35. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiffs will continue to suffer injury and damage.

### Count III
### Unfair Competition
### (Common Law of South Carolina)

36. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1 through 35 herein.

37. The acts of Defendants complained of herein result in confusion as to the source, sponsorship, or affiliation of Defendants' goods or services and therefore constitute unfair competition in violation of the common law of South Carolina.

38. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiffs will continue to suffer injury and damage.

### Count IV
### Trademark Infringement
### (Common Law of South Carolina)

39. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1 through 38 herein.

40. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of South Carolina.

41. Defendants, with full knowledge of Plaintiffs' rights in their MINI Marks, and of the valuable goodwill associated therewith, have committed the acts alleged herein willfully and with the intent to trade off the goodwill associated with Plaintiffs' trademark assets.

42. Defendants' use of the infringing marks as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective goods and services.

43. Defendants' use of the infringing marks as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair Plaintiffs' reputation under their trademarks and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to Plaintiffs for which Plaintiffs are entitled to relief under the common law.

44. As a result of the foregoing alleged actions, Defendants have been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiffs will continue to suffer injury and damage.

### **Prayer for Relief**

WHEREFORE, BMW prays that:

1. Judgment be entered for Plaintiffs on all their claims.

2. Defendants, their agents, servants, employees, attorneys, successors, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

    (a) using any of Plaintiffs' MINI Marks as alleged above;

    (b) making any other trademark use of Plaintiffs' MINI Marks;

    (c) transferring any rights to the subject coaster and or to any of the other infringing assets unless a current written license from BMW covering the transferee is in place; and

    (d) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, come from, or are connected with, sponsored by, or approved by Plaintiffs.

3. An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid to Plaintiffs and increased as the Court finds to be just under the circumstances of this case.

4. Defendants be required to pay:

(a) in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. § 1117(a) and (b), an award of treble Plaintiffs' actual damages (including lost trademark royalties) and Defendants' profits, together with profits resulting from sales by Defendants relating to their aforesaid trademark infringement and unfair competition; and

(b) Plaintiffs' attorneys' fees and costs of this action.

5. Defendants, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver to Plaintiffs for destruction all signs, corporate papers, labels, prints, packages, bottles, receptacles, containers, advertising, or other promotional materials in Defendants' possession or control bearing MINI Marks or any other mark that is a colorable imitation of Plaintiffs' MINI Marks.

6. Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Plaintiffs, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction.

7. Plaintiffs recover such other relief as the Court may deem appropriate.

Respectfully submitted this 12th day of January, 2010.

        By: ___S/J. Boone Aiken, III_____
           **J. BOONE AIKEN, III**
           Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.
           Federal I.D. No. 269
           PO Drawer 1931
           Florence, SC 29503
           Telephone: 843.669.8787
           Fax:         843.664.0097
           JBA@AIKENBRIDGES.COM

           ATTORNEYS FOR THE PLAINTIFFS

Florence, South Carolina

January 12, 2010

OF COUNSEL:

John G. Froemming
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202.783.0800
Fax:         202.383.6610
Email:      froemmingj@howrey.com