IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BMW of North America, LLC, and Bayerische Motoren Werke AG, | ) ) ) | C/A No. 4:10-82-TLW-SVH |
| Plaintiffs, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION |
| FPI MB Entertainment, LLC and MB Entertainment, LLC, dba "Freestyle Music Park," | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff BMW of North America, LLC, and Bayerische Motoren Werke AG ("BMW" or "Plaintiffs") sued Defendants FPI MB Entertainment, LLC and MB Entertainment, LLC ("Defendants") on January 12, 2010, seeking injunctive and monetary relief for trademark infringement and false designation of origin. Plaintiffs alleged that Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1125, *et seq.* (the "Lanham Act") and South Carolina law through their allegedly unauthorized use of Plaintiffs' MINI word mark, MINI Wings logo, MINI COOPER word mark, MINI UNITED word mark, MINI CONVERTIBLE: ALWAYS OPEN word mark, MINI CHALLENGE word mark, MINI NEXT word mark, and MINI vehicle trade dress mark (the "MINI Marks") on and in connection with Defendants' featured "motorcar" roller coaster at their Freestyle Music Park. Compl. p. 1. Although Defendants' registered agents were validly served with Plaintiffs' Complaint as evidenced by the affidavits of proofs of service [Entry #8, 9], Defendants have not filed an answer or other responsive pleading. Pursuant to Plaintiffs' request [Entry #10],

the Clerk of Court entered default against Defendants on March 2, 2010 [Entry #11]. Plaintiffs then moved for a default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b)(2) [Entry #12]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable Terry L. Wooten referred the default judgment motion to the undersigned for a report and recommendation [Entry #14]. BMW further served Defendants with its application for default. *Id.* Defendants still have not appeared in this action and are not entitled to notice of this motion for default judgment. *See* Fed. R. Civ. P. 5(a) ("[n]o service need be made on parties in default for failure to appear....").

BMW is entitled to default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Upon entry of default, a defendant admits the factual allegations of a plaintiff's complaint. *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 (4th Cir. 2008); *see also Select Financial Services, LLC v. Penland Financial Services, Inc.*, Civ. No. 7:05-cv-2647, 2009 WL 4016719, *3 (D.S.C. Nov. 18, 2009).

"The elements of federal trademark infringement and unfair competition are that plaintiff possesses a mark, that the defendant used the mark, that the defendant's use of the mark was in commerce, that the defendant used the mark in connection with the sale, offering for sale, distribution or advertising of goods and services, and that the defendant used the mark in a manner likely to confuse consumers." *Graduate Management Admission Council v. Raju*, 267 F.Supp.2d 505, 510 (E.D. Va. 2003) (citing *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001)). The standards for federal and South Carolina common law trademark infringement and unfair

competition are the same. *See Vantage, Inc. v. Vantage Travel Service, Inc.*, Civ. No. 6:08-2765, 2010 WL 1427965, *2 (D.S.C. April 8, 2010).

BMW has successfully made out claims of trademark infringement and unfair competition under both federal and state law. Specifically, BMW alleges in its Complaint that:

- BMW owns at least 18 federal trademark registrations for its MINI Marks, including a registration for the design of a MINI vehicle, Compl. at ¶ 11;

- Defendants are making unauthorized use of BMW's MINI Marks on and in connection with their roller coaster, Compl. at ¶¶ 16, 17;

- Defendants are making commercial use of BMW's MINI Marks, Compl. at ¶¶ 16, 18, 25; and

- There is likely to be confusion as to source of, or connection between, BMW and Defendants, Compl. at ¶¶ 21, 26, 30, 31, 37, 42, especially given the fame and extensive advertising of BMW's MINI Marks (Compl. at ¶¶ 14, 15), Defendants' use of BMW's MINI Marks on and in connection with their roller coaster (Compl. at ¶ 16), BMW's use and ownership of a MINI trademark for "entertainment in the nature of amusement park rides," not to mention trademarks for other promotional activities and items, including festivals and miniature vehicles (Compl. at ¶¶ 10, 11), and Defendants' intentional use of BMW's MINI Marks (Compl. at ¶ 17, 27, 34, 41).

*See Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984) (listing the seven likelihood of confusion factors); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 127 (4th Cir.1990) ("The test is likelihood of confusion; evidence of actual confusion is unnecessary.").

Plaintiffs seek default judgment on all of BMW's claims. and request a permanent injunction preventing any future use by Defendants of Plaintiffs' MINI trademarks. Courts have the authority to grant permanent injunctions under the Lanham Act for

3

trademark infringement. *See* 15 U.S.C. §§ 1116(a), 1125(a). Courts likewise have the authority to grant injunctions in default judgment actions involving trademark infringement. *See Leading Edge Marketing, Inc. v. Builders ProSource, LLC*, Civ. No. 3:09-cv-704, 2009 WL 2612817, *4 (D.S.C. August 24, 2009) (granting injunction in trademark infringement default judgment action). Permanent injunctive relief is appropriate where (i) the plaintiff risks suffering irreparable harm, (ii) monetary remedies are inadequate to compensate for the plaintiff's injury, (iii) the balance of hardships favors the plaintiff, and (iv) the public interest would not be disserved by an injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

After reviewing the record and the case law, the undersigned finds that BMW will suffer irreparable harm if an injunction does not issue. First, trademark injuries are considered irreparable. *Toolchex, Inc. v. Trainor*, Civ. No. 3:08-cv-236, 2009 WL 2244486, *2 (E.D. Va. July 24, 2009) (on motion for default judgment, the court stated that "[i]rreparable injury necessary for injunctive relief regularly follows from trademark infringement") (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 939 (4th Cir. 1995)). Furthermore, BMW alleged throughout its Complaint that Defendants have caused irreparable harm to BMW's goodwill, Compl. at ¶¶ 20, 21, 23, 27, 28, 32, 34, 35, 38, 41, 44, and it is well-established that harm to a company's goodwill is considered irreparable. *See Innovative Value Corp. v. Bluestone Financial, LLC*, Civ. No. 2009-0111, 2009 WL 3348231, *3 (D. Md. Oct. 15, 2009) (finding that harm to goodwill "may fairly be characterized as 'irreparable' in nature"). Second, monetary damages are inadequate to compensate for BMW's injury. Without a permanent

4

injunction, Defendants will continue to unlawfully use BMW's trademarks in connection with their business and BMW will have no other recourse against Defendants. *See Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003) ("…Defendant, though well aware of serious claims brought against it, has chosen to ignore this lawsuit. Failure to grant the injunction would needlessly expose the Plaintiff to the risk of continuing irreparable harm."). Defendants' complete disregard for BMW's November 2009 cease and desist letter only confirms the ongoing threat of infringement absent an injunction. Compl. at ¶ 17; *see Innovative Value Corp.*, 2009 WL 3348231, at *3 ("As Defendant's infringement has continued despite the issuance by Plaintiffs' counsel of two cease-and-desist letters, and Defendant has not appeared or participated in this litigation, further infringement is a continuing threat, making remedies at law insufficient to compensate for Plaintiffs' injuries.").

Third, the balance of hardships clearly tips in favor of BMW. Defendants have no right to operate a MINI-themed roller coaster and are profiting unjustly thereby. Defendants' unauthorized use poses a threat to BMW's efforts and expenditures in developing goodwill in its MINI name and brand. Finally, the public interest would not be disserved by a permanent injunction, as there is greater public benefit in securing the integrity of BMW's marks than in allowing Defendants to continue to use the marks in violation of BMW's rights. Further, "[p]reventing confusion is in the public interest." *Toolchex, Inc.*, 2009 WL 2244486, at *3.

For the foregoing reasons, it is recommended that the district court enter default judgment in Plaintiffs' favor and permanently enjoin Defendants as follows:

a)  find that Defendants FPI MB Entertainment, LLC and MB Entertainment, LLC have engaged in trademark infringement under the Lanham Act, 15 U.S.C. § 1114, and the common law of South Carolina relating to BMW's MINI word mark, MINI Wings logo, MINI COOPER word mark, MINI UNITED word mark, MINI CONVERTIBLE: ALWAYS OPEN word mark, MINI CHALLENGE word mark, MINI NEXT word mark, and MINI vehicle trade dress mark (the "MINI Marks");

b)  find that Defendants FPI MB Entertainment, LLC and MB Entertainment, LLC have engaged in unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and the common law of South Carolina with regard to the MINI Marks;

c)  order Defendants, their affiliates, related companies, agents, servants, employees, attorneys, transferees, assigns, and all others in active concert or participation with any of them, to immediately cease:
   (1) using any of BMW's MINI Marks, including but not limited to the "motorcar" roller coaster depicting BMW's MINI vehicle trade dress;
   (2) making any other trademark use of BMW's MINI Marks; and
   (3) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, come from, or are connected with, sponsored by, or approved by BMW.

d)  order that Defendants may not transfer any rights to the "motorcar" roller coaster, or to any of the other infringing assets, unless a current written license from BMW covering the transferee is in place; and

e)  require Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), to file with the court, and serve upon BMW, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction.

IT IS SO RECOMMENDED.

*[signature]*

September 13, 2010   Shiva V. Hodges
Florence, South Carolina   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**